## HARRIS *vs.* BURLEY.

10 171
66 352

Where, in suit on an account, a note was plead in set off, and the plaintiff introduced a paper, having on it the date of said note, and some figures in the hand writing of the defendant, as tending to show, together with certain figures on the same paper, in the hand writing of the plaintiff, that said note was founded on an usurious consideration—*Held*, that said paper was admissible, so far as it contained entries in the hand writing of the defendant, but not as regarded those of the plaintiff, unless they were shown to have been made there at the time of the settlement.

The plaintiff's books were also *held* inadmissible to substantiate items and figures on said paper, unless it was shown that the entries were upon said books at the time of the settlement.

Evidence that the note had been previously sued in the name of another person, and on plea of usury being filed, the plaintiff had become nonsuit, was *held* inadmissible as a confession of usury in this suit.

A paper offered in evidence, sworn to as a substantial copy of the plea of usury, was held to be inadmissible.

ASSUMPSIT, to recover the sum of $55·95, and interest from October 3, 1832, money received by the defendant, Gordon Burley, to the plaintiff's use.

It was tried here under the general issue, and notice of an off-set. The off-set was a note given by Harris to Burley, dated October 18, 1833, for $60·95, payable to said Burley, or order, on demand, with interest. The defence to this note was that it was given for unlawful interest.

The plaintiff introduced a witness who swore that the parties were together on the 17th or 18th of October, 1833, and went to the house of Burley, in order to settle—that when they returned they said they had settled; both of them said that Harris had given Burley a note for $60·00 and some cents, and Harris stated, Burley not denying it, that if Burley had not charged him extra. interest Burley would have owed him.

The plaintiff then offered a paper, containing figures upon it, and proved that the figures were mostly the hand writing of the defendant, but were in part the hand writing of the plaintiff, and there was upon the paper, "Oct. 17, 1833," in the defendant's hand writing. The plaintiff offered no evidence that it was used at the settlement, or that it was in existence at the time of the settlement, except what was derived from the paper itself. To the reception of this paper the defendant objected; but it was admitted in evidence to the jury.

The plaintiff offered his books, in evidence to the jury, containing entries in his own hand writing, of sums similar to some of those upon the said paper, but did not prove that they were used at the settlement, except what resulted from the first witness, who said they were in Harris's hand writing. The defendant objected to the reception of said books, but they were admitted.

The plaintiff offered a witness, the defendant objecting, who testified that some time since an action was entered in the name of Henry Burley against Harris—that the note aforesaid was described in the specification in said case, which he produced—that a plea of usury was put in, a substantial copy of which, made by a witness, he produced—whereupon the plaintiff became nonsuit. The evidence and copy were admitted in evidence.

The plaintiff offered his cash book, to prove that one of the items, to wit., the one for $7·00, figured upon said paper, was the same in amount with an item upon said book; but offered no evidence that this item was embraced in the set-

tlement, except such as resulted from said book and paper, or that said book was used at the settlement—which was admitted, defendant objecting.

Verdict was taken for the plaintiff; and motion was made to set the same aside, on account of the admission of incompetent testimony.

*Kittredge*, for the plaintiff.

*Quincy, & Weeks*, for the defendant.

Upham, J.　The court are of opinion that the paper dated October 17, 1833, with the figures upon it in the *hand writing of the defendant*, was competent evidence to submit to a jury, to show, in connexion with notes and other papers then taken up, the terms of settlement and the computation of interest made by the parties on any debts shown to have existed comparing in amount with the sums on said paper.

Any evidence, however, resulting from such paper, in the hand writing of the plaintiff, is inadmissible, as there is no evidence tending to show that such entry was made in the presence of the defendant, and with his consent.　But such entry may have been at any subsequent period, for the purpose of meeting the necessary facts to make out a defence in this case.

The same remark applies to the introduction of the plaintiff's books, which are introduced to sustain the paper by a comparative entry, which entry may also have been made at any subsequent period, to sustain such paper.　The rules of evidence are such as not to place it in the power of a party to make evidence in that manner for himself.　Could the plaintiff show that no such alteration had taken place, and that the books remained in the same state as when the corresponding figures were made on the paper in the defendant's hand writing, at the time of settlement, it then might be a matter for the jury to say whether the figures did not refer

to the books, and that the comparative sums in the books were not parts of the settlement on which interest was cast, or deductions of certain sums made in the settlement, leaving as a result of all the operations the $60·00 note in suit due the defendant.

The entry on the cash book, to the credit of the defendant, may perhaps be an exception to this rule ; as the entry there is against the interest of the plaintiff, and goes strongly to negative any idea of having been made with a design to the necessary evidence of this case.  If there is upon the book evidence tending to show that this entry was made at the time it purports to have been made, and if corresponding figures were found on the paper in the hand writing of the defendant, with interest cast thereon, it would seem to furnish evidence that the computation made by the defendant was in this respect founded on the item in the plaintiff's book ; and to this extent may tend in part to show the basis on which the note was made up.

In addition to the testimony of the paper and books, evidence was given as to a suit on this same note in favor of one Henry Burley against the present plaintiff, in which suit usury was plead and the plaintiff became nonsuit.   What interest Henry Burley then had in the note does not appear. He might at that time have had some qualified interest in the note ; and, rather than have a controversy in its collection, have become nonsuit and relinquished it to the defendant. Were it shown that the defendant was the actual party *in interest* in the suit, Henry Burley against the plaintiff, and that by his direction it was dismissed after usury was plead, such evidence would be very slight, if admissible, to show that the note was given for an usurious consideration.   But there is no evidence here connecting the defendant with the former suit, and the evidence as to such action is clearly inadmissible. In attempting to show that usury was set up as a defence in this action, a paper was filed in the case, which was testified to as being a *substantial* copy of the plea.   No paper evi-

dence could be put in of that kind, short of a copy of the plea. When a copy could not be had, mere oral testimony would be all that could be offered, and would be all that would be necessary.

The testimony then is incompetent in four several respects :

The paper offered, bearing date October 17, 1833, is inadmissible, so far as regards the minutes on it in the plaintiff's hand writing.

The plaintiff's general books of account are inadmissible.

The testimony as to the action in favor of Henry Burley is inadmissible, without farther testimony connecting the defendant with said suit.

The substantial copy of the plea of usury offered in evidence was inadmissible.

For these several reasons the verdict must be set aside.